Miscellaneous
Business Docket
#1:18-mc-91515

# UNITED STATES WGY DISTRICT COURT

# FOR THE JUDICIAL DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT DISTRICT OF MASS.

2019 FEB -7 PM 4:38

FILED IN CLERKS OFFICE

# EASTERN DIVISION

| In re: Koplow MBD petitioner | Application: Preliminary prohibitive injunction to restore status quo; Koplow back in apartment. |

## EQUITY COURT

TO THE HONORABLE CHANCELLOR

before whom chicanery is to no avail

who can peel the truth

from the lips of sinners

who is familiar with the confessional

The above named MBD petitioner with respect to the above docketed petition

RESPECTFULLY REQUESTS:

Issuance of prohibitive PRELIMINARY injunction on regular civil docket to restore <u>status quo</u>

to allow Koplow to cease to need to live on streets and return to apartment ——

to which Koplow has full right and title as tenant to hold under landlord Defendant MHPI, Inc.

In furtherance of within request It be found:

The liklihood of Koplow to prevail on the merits of COUNTS #1 — #4 of the complaint is very, very great.

Jurisdiction appears on face of complaint

COUNT #4 sets out a per se violation of Koplow's tenancy, sufficient in itself to be basis of relief requested

Koplow suffers immediate and irreperable harm, injury and potentially death.

Affidavits set out with sufficient particularity immediate and irreperable harm to Koplow from life as a vagabond on streets and elesewhere to carry out life functions and to seek refuge from elements.

After secured presence of Defendant Larry Oaks, CEO and President of Defendant MHPI, Inc. —— in personam:

Likelihood of prevail on merits is far higher standard than Rule #11(b)(2) sets per 29 pages MEMORANDUM AND ORDER annexed: BACKROUND, from complaint final decree

——— Certificate of Service ———

To no One (ex parte)   February 7 2019

Dated: Thursday, February 7, 2019

Signed: ~~[signature]~~

David Lee Koploy Post Office Box #505495, Chelsea, Massachusetts 02150

# BACKROUND

16 years ago, a district judge cited Koplow for violation of Federal Rule of Civil Procedure #11(b)(2) for needless repetitive use of the ancient remedial writ audita querela.

An injunction of 29 pages of MEMORANDUM AND ORDER was hurled at Koplow.

The operational part (pp. 4, 5) appear on next 2 pages.

The jurisdiction of Rule #11 and Koplow's sanction is persuant to

---

1064                73d CONGRESS.   SESS. II.   CHS. 651, 652.   JUNE 19, 1934.

[CHAPTER 651.]

June 19, 1934.
[S. 3040.]                                    AN ACT
[Public, No. 415.]   To give the Supreme Court of the United States authority to make and publish
                                    rules in actions at law.

1962), *appeal dismissed sub nom*, Rudnicki v. Cox, 372 U.S. 226 (1963).

The pattern of litigation commenced in this court by the plaintiff over the past four and a half years requires such an injunction. The plaintiff has filed thirteen actions in this court.[1] He has variously failed to effect service, been unable to demonstrate subject matter jurisdiction, proved incapable of setting forth a short and plain statement of his claims, filed frivolously duplicative actions and used the litigation vexatiously. His efforts to draw defense counsel into the role of litigant serves to underscore his inability to conduct litigation properly without direct supervision.

Accordingly, it is hereby ORDERED

1. that Civil Action No. 03-10061 be dismissed, and

2. that Plaintiff David L. Koplow be precluded from filing any additional papers, claims, cases, files, complaints, or anything resembling those pleadings, or any other documents in the United States District Court for the District of Massachusetts, in any manner, way or form, without first obtaining the prior written approval of the Miscellaneous

---

[1] The Appendix to this Memorandum and Order provides a list of each of these cases and their disposition.

4

Business Docket Judge of the United States District Court for the District of Massachusetts; and it is

FURTHER ORDERED that in order to obtain the approval required by paragraph 2, supra, and before filing any additional papers in this Court, the Plaintiff shall file a written petition seeking leave of court to do so. The petition must contain a copy of this Memorandum and Order including the attachments, together with the papers sought to be filed, and a certification under oath that there is a good faith basis for their filing. The Clerk of Court shall accept the documents, mark them received, and forward them to the Miscellaneous Business Docket Judge for approval or disapproval of the petition.

A copy of this Order shall be distributed to each District Judge's session.

Failure of the plaintiff to comply with these requirements may result in additional sanctions being imposed upon the plaintiff.

*[signature]*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

5

Supreme Court of United States.
Power to prescribe rules in civil actions at law.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the Supreme Court of the United States shall have the power to prescribe, by general rules, for the district courts of the United States and for the courts of the District of Columbia, the forms of process, writs, pleadings, and motions, and the practice and procedure in civil actions at law. Said rules shall neither abridge, enlarge, nor modify the substantive rights of any litigant. They shall take effect six months after their promulgation, and thereafter all laws in conflict therewith shall be of no further force or effect.

Rights of litigant.
Effective date.

Rules in equity and law may be united.

Proviso.
Right of trial by jury.

Effective date of united rules.

SEC. 2. The court may at any time unite the general rules prescribed by it for cases in equity with those in actions at law so as to secure one form of civil action and procedure for both: *Provided, however,* That in such union of rules the right of trial by jury as at common law and declared by the seventh amendment to the Constitution shall be preserved to the parties inviolate. Such united rules shall not take effect until they shall have been reported to Congress by the Attorney General at the beginning of a regular session thereof and until after the close of such session.

Approved, June 19, 1934.

### Rights of litigant.

## Said rules shall neither abridge, enlarge, nor modify the substantive rights of any litigant.

The Judge Issued a perpetual prohibitive Injunction by a rule nisi persuant to

### § 1651. Writs

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

(b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

(June 25, 1948, c. 646, 62 Stat. 944; May 24, 1949, c. 139, § 90, 63 Stat. 102.)

## 28 USC # 1651 (a) and (b) Writs

Specially (b), rule <u>nisi</u>, <u>supra</u>.

Every new case drafted by Koplow was barred from the regular civil docket UNLESS (<u>nisi</u>) it satisfied <u>Federal Rule of Civil Procedure # 11</u> requirements.

If the new case was good, the perpetual injunction of prohibition was dissolved for the good new case, and the case was enrolled on the regular civil docket and summonses issued.

The sanction is a perpetual prohibitive injunction by a rule <u>nisi</u> (unless)

Unless Koplow's new case is good by <u>Rule #11</u> standards, the prohibitive perpetual injunction continues.

However, if Koplow's new case meets <u>Rule #11</u> standards, the injunction is dissolved for that case and it is enrolled on the regular civil docket

Purpose: to improve federal court business

To avoid the damage to the business of ~~federal~~ court Koplow's mistakes could cause rather than allow the damage to occur

Civil Action Docket
\#_____

# UNITED STATES DISTRICT COURT
# FOR THE JUDICIAL DISTRICT OF MASSACHUSETTS

From Complaint

# EASTERN DIVISION

| David Lee Koplow plaintiff v. MPHI, Inc. et al. defendants | Application Injunction directed to Larry Oaks President and CEO of Defendant MPHI, Inc and agents etc. to enforce lease |

TO THE HONORABLE JUDGE OF THE DISTRICT COURT AS THE CHANCELLOR IN EQUITY:

The above named PLAINTIFF with respect to the within civil rights case

RESPECTFULLY REQUESTS INJUNCTION per 42 USC #1985, 42 USC #1983, 28 USC #1343(3) and (4)

To Larry Oaks, CEO of Defendant MHPI, Inc.

① Prohibition to threaten, intimidate, oppress or injure Koplow to freely exercise and enjoy landlord-tenant rental contract

② and to either give good cause here and assert right here to terminate Koplow's tennancy

③ otherwise provide continuous uninterrupted tenancy to Koplow per contract between landlord and tenant.

TRO, Preliminary Injunction, Final Decree

To immediatly restore premises #103 to Koplow

A prohibitive Injunction directed to

    Larry Oaks
    President and CEO
    MPHI, Inc
    70 Bridge Street
    #201
    Newton, Massachusetts
    02458

order:

Prohibited to recognize validity of all state process in case

| COMMONWEALTH OF MASSACHUSETTS | |
|---|---|
| SUFFOLK, ss | HOUSING COURT DEPARTMENT<br>EASTERN DIVISION<br>SUMMARY PROCESS<br>No. 18H84SP003168 |
| MHPI, INC., Plaintiff | v  DAVID KOPLOW, Defendant |

    24 New Chardon Street
    Boston, Massachusetts
    02114

Specifically

prohibit MHPI, Inc. its agents, employees etc. from interfere with Koplow's free exercise and enjoyment of landlord-tenant rental contract. for #103


LAW

General

① Likely to prevail on issue: eviction void

② Balance Harms

③ Irreperable immediate injury

④ Public Policy

This Case

① Clearly evident, easily understood

② No harm to MPHI, Inc, Death to Koplow

③ Winter, Koplow out on street.

④ Good step to enforce house laws

# AFFIDAVIT
## FOR TRO

I am David Lee Koplow

I am entitled to continuous uninterrupted public tenancy per my landlord-tenant rental contract for #103, 100 Bellingham Street, Chelsea Massachusetts

because good cause has never been shown and could not ever be shown and ~~tested~~ by due process of law to rule otherwise.

I have been miserable but perservering on the street, temporary boarding with not realy good company out of despairation.

I need to get back to #103 quickly. I don't believe I can continue like this much longer.

If I catch pneumonia, I would probably die. I don't have anyplace to rest and stay warm.

The landlord didn't like me. I treated them as my equals. I openly criticized their operation's serious defects. They resented that I did not regard the tenancy as a gratuitis benefit rather than a quid pro pro sale as I did

I declare under penalty of perjury the foregoing is true by personal knowledge.

Dated: <u>Wednesday November 28, 2018</u>
Signed: _____

David Lee Koplow, Post Office Box #505495, Chelsea, Massachusetts 02150

Civil Action Docket
#̶

# UNITED STATES DISTRICT COURT

## FOR THE JUDICIAL DISTRICT OF MASSACHUSETTS

## EASTERN DIVISION

| | |
|---|---|
| Koplow<br>__plaintiff__<br>v.<br>MHPI, Inc<br>__defendant__ | Application Writ of <u>certiorari</u> to state eviction court for attested copy of record of Koplow's case there |

## TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

The above named PLAINTIFF with respect to the above docketed civil rights action

## RESPECTFULLY REQUESTS:

Issuance of writ of certiorari to:

> The Commonwealth of Massachusetts
> HOUSING COURT DEPARTMENT
> Eastern Division
> 24 New Chardon Street
> Boston, Ma 02114-4703
> Tel. (617) 788-8487
>
> MaryLou Muirhead
> First Justice
> Robert L. Lewis
> Clerk Magistrate
>
> to wit, Suffolk

for an attested copy of all the papers on case entitled:

> MPHI, Inc v. David Koplow
> landlord        tenant
>
> Docketed there as:
>
> Docket #18-SP-3168

and to be sent together with writ so issued and this paper to:

Clerk of Court
United States District Court
For the Judicial District
of Massachusetts
1 Courthouse Way
Boston, Massachusetts

Persuant to <u>All Writs Act</u>, the issuance of <u>certiorari</u> provides a firm foundation for within civil rights case which deals with perversion of justice in a Massachusetts State Court.

--- Certificate of Service ---
To MHPI, Inc or counsel of record

Dated: _____
Signed: _____

David Lee Koplow
Post Office Box #505495
Chelsea, Massachusetts 02150